THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ROBERT McGRATH, PLAINTIFF IN ERROR.

Argued October 4, 1927—Decided February 14, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff in error, *King & Vogt*.

For the defendant in error, *Albert H. Holland*.

PER CURIAM.

Robert McGrath was convicted of manslaughter in the killing of two females, a woman and a girl, by running over them with his automobile on the night of October 2d, 1926, and brings this writ of error.

It is first contended that the evidence was not sufficient to identify him with the killing and that in any event his conviction was against its clear weight.

An examination of the proofs adduced at the trial of the case convinces us that while these proofs were in large measure circumstantial, neither contention is sustained. It was shown that on the night in question McGrath, while in an intoxicated condition, was driving a Dodge sedan automobile on the road running from Dover to Bowlbyville, in Morris county, and that a car of the description of this sedan containing an occupant of the appearance of McGrath's companion caused the deaths; that the car was zigzagging back and forth across the highway; that it had, after the accident, a bent fender, a broken headlight and a twisted light holder; that pieces of glass corresponding to the type of lens on the sedan were found at the place where the accident happened; that when first questioned as to the damaged condition of the car McGrath said it had been done on entering his garage, but finally claiming that he had on the night in question collided with another car. These and other circumstances coupled with incriminating admission made by McGrath to a number of persons that he thought he had "hit something down the road," made a case which fully justified the verdict of the jury.

Admitting in evidence of the pieces of glass found at the place of the accident early on the morning of October 3d was not error. *State* v. *Barone*, 96 *N. J. L.* 419; nor was it error to permit the partial identification of the other occupant of the McGrath car at the time of the accident. The recalling of the witness Palazza was in the discretion of the court and the request for instructions were all adequately covered in the charge.

The judgment is affirmed.